IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**HYTHONYO PILLOW**                                                                                            **PLAINTIFF**

v.                                    Case No. 4:20-cv-00302-KGB

**MUNYAN, Nurse,**
**Faulkner County Detention Center Unit #1,** *et al.*                                    **DEFENDANTS**

## ORDER

The Court has reviewed the Partial Recommended Disposition submitted by United States Magistrate Judge Edie R. Ervin (Dkt. No. 48).  Plaintiff Hythonyo Pillow has filed objections to the Partial Recommended Disposition (Dkt. No. 49).  After careful consideration of the Partial Recommended Disposition, Mr. Pillow's objections, and a *de novo* review of the record, the Court concludes that the Partial Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 48).  The Court writes separately to address Mr. Pillow's objections.

   **I.**   **Background**

Mr. Pillow filed this lawsuit *pro se* under 42 U.S.C. § 1983.  The Court dismissed claims against several defendants (Dkt. Nos. 14; 18). Mr. Pillow claims the remaining defendants, Officer Gabriel Pfeifer and Officer Jeremy Burgess, used excessive force against him on December 5, 2019, while he was a pretrial detainee at the Faulkner County Detention Center ("Detention Center") (Dkt. Nos. 2; 12).  Mr. Pillow claims Officer Burgess physically assaulted him in the Detention Center's dayroom, after which Officer Pfeifer kicked him while he was unconscious and handcuffed to a bench in the booking area (Dkt. No. 12, at 4).  Mr. Pillow sues both Officer Pfeifer and Officer Burgess in their individual and official capacities, and he seeks compensatory damages and requests that "all defendants be punished for their action terminated." (*Id*., at 7).

Defendants filed a motion for summary judgment (Dkt. No. 30). Defendants' statement of facts included a video of the December 5, 2019, dayroom incident involving Officer Burgess and Mr. Pillow (Dkt. No. 32-4). Mr. Pillow responded to defendants' motion for summary judgment (Dkt. Nos. 41; 46). Defendants replied to Mr. Pillow's response (Dkt. No. 47). Judge Ervin's Partial Recommended Disposition recommends that the Court deny Officer Pfeifer's motion for summary judgment and grant Officer Burgess's motion for summary judgment (Dkt. No. 48, at 10-11).

## II.     Analysis Of Objections

### A.     Official Capacity Claims

Mr. Pillow asserts that he has a basis for his official capacity claims because he is suing for damages for injuries resulting from "City or County policy." (Dkt. No. 49, at 4). As Judge Ervin points out, however, Mr. Pillow has failed to allege any facts showing that a county policy or custom caused him to suffer a constitutional injury, and he does not point to any additional facts in his objections except to state that that Officer Burgess and Officer Pfeifer worked at the Detention Center. Accordingly, the Court overrules this objection.

### B.     Qualified Immunity

Mr. Pillow contends that the doctrine of qualified immunity is limited when an official acts completely outside the scope of his authority and acts "maliciously and sadistically" or "deliberately indifferent" to a plaintiff's health and safety (Dkt. No. 49, at 4). Mr. Pillow asserts that "defendants [are] not [entitled to] qualified immunity because a reasonable juror would and will find the defendants['] behavior reckless, deliberately indifferent an act of 'maliciously and sadistical' [sic] and Defendants subjected Mr. Pillow to excessive force."

To be clear, in her Partial Recommended Disposition, Judge Ervin only found that, on this record, Officer Burgess is entitled to qualified immunity (Dkt. No. 48, at 6-7). Judge Ervin did not conclude that Officer Pfeifer is entitled to qualified immunity. Officer Pfeifer has not objected to the Partial Recommended Disposition, and the time for doing so has passed.

As to Judge Ervin's recommendation that Officer Burgess is entitled to qualified immunity, Judge Ervin concluded, based on the record evidence, that no reasonable juror could find that Officer Burgess subjected Mr. Pillow to excessive force. Mr. Pillow asserts in his objections that Officer Burgess was the aggressor and that a reasonable juror will see this. The Court has reviewed the video and all of the record evidence and disagrees with Mr. Pillow's assessment that Officer Burgess was the aggressor, based on the record evidence before the Court even with all reasonable inferences drawn in favor of Mr. Pillow. Accordingly, the Court overrules Mr. Pillow's objection.

### C.   Defendant Burgess

Mr. Pillow objects to Judge Ervin's recommendation that Officer Burgess is entitled to qualified immunity because he did not use excessive force towards Mr. Pillow (Dkt. No. 49, at 5-6). As set forth above, the Court has carefully reviewed the video and other evidence in the record and overrules Mr. Pillow's objection.

### D.   Defendant Pfeifer

Mr. Pillow states that he was placed in a blind spot of the cameras in the booking area unconscious and handcuffed to a bench and that Officer Pfeifer kicked him resulting in bruises to his leg and thigh area (Dkt. No. 49, at 6). At the summary judgment stage, Officer Pfeifer does not deny Mr. Pillow's allegations and does not argue that his alleged use of force was objectively reasonable (Dkt. No. 48, at 8). Officer Pfeifer only argues that there is no evidence that ties "any injury to any unlawful act" on his part (*Id.*, at 9). Judge Ervin rejects Officer Pfeifer's argument

and recommends denying Officer Pfeifer qualified immunity and denying's his motion for summary judgment (*Id.*, at 10). Accordingly, the Court denies as moot Mr. Pillow's objection.

### III. Conclusion

For these reasons, the Court adopts Judge Ervin's Partial Recommended Disposition in its entirety as this Court's findings in all respects (Dkt. No. 48). The Court orders that:

1. The Court grants, in part, and denies, in part, defendants' motion for summary judgment (Dkt. No. 30).

2. The Court dismisses with prejudice Mr. Pillow's claims against defendants Officer Burgess and Officer Pfeifer in their official capacity.

3. The Court dismisses with prejudice Mr. Pillow's claims against Officer Burgess in his individual capacity.

4. Mr. Pillow may proceed with his individual capacity claims against Officer Pfeifer.

It is so ordered this 29th day of August, 2022.

Kristine G. Baker
United States District Judge